UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

CEN COM, INC., a Washington Corporation doing business as American Digital Monitoring,

Plaintiff,

v.

NUMEREX CORP., a Pennsylvania Corporation; NextAlarm, LLC, a Georgia Limited Liability Company; and DOES 1 – 10,

Defendants.

Case No. C17-0560RSM

ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO FILE UNDER SEAL

## I. INTRODUCTION

This matter comes before the Court on the parties' Joint Motion and Stipulation to File Under Seal. Dkt. #33. Defendants seek an Order sealing 12 pages of material that have been filed publicly on the docket by Plaintiff, despite Defendants having marked the material as "Confidential" or "Attorney's Eyes Only." *Id.* The motion is supported by the Declaration of Wayne Stargardt, which has been filed under seal. Dkt. #34. Although it joins in the motion and stipulation, Plaintiff itself takes no position as to whether the materials in question satisfy the requirements for filing under seal. Dkt. #33 at ¶ 8. The Court has reviewed the information and exhibits sought to be filed under seal. For the reasons discussed herein, the Court GRANTS IN PART AND DENIES IN PART the parties' motion.

ORDER - 1

## II. DISCUSSION

"There is a strong presumption of public access to the court's files." Local Rule CR 5(g)(2). For nondispositive motions, "this presumption may be overcome by a showing of good cause." *Id*. For dispositive motions, parties must make a "compelling showing" that the public's right of access is outweighed by the parties' interest in protecting the documents. *Id*. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citations omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). Further, the Court will not grant broad authority to file documents under seal simply because the parties have designated them as confidential in the course of discovery. *Kamakana,* 447 F. 3d at 1183. "If possible, a party should protect sensitive information by redacting documents rather than seeking to file them under seal." CR 5(g)(3). Thus, "the motion or stipulation to seal should include an explanation of why redaction is not feasible." *Id.*

With respect to the **Declaration of Wayne Stargardt at lines 3:12-14, 4:5-6, 4:12-17, 5:6-14, and 6:10-14**, the Court finds a "compelling reason" to outweigh the presumption in favor of public access to court records as that Declaration contains confidential and/or

ORDER - 2

proprietary information that is not easily redacted, and which could be harmful to Defendants' business if made public.

With respect to **the materials filed at Dkt. #26, pages 78-89**, the Court requires more information before it can seal the requested documents. For example, pages 78, 80, 81, 82, 84, 85, 88 and 89, which appear to contain hand written notes, are of such poor quality that they are indecipherable. *See* Dkt. #26 at 78, 80, 81, 82, 84, 85, 88 and 89. The Court is unable to tell what, if any, portion of those notes might meet the applicable standard for sealing, and is not convinced that any member of the public viewing those exhibits could actually read them. With respect to the remaining documents at pages 79 (dated 2016), 83 (dated 2016) and 86-87 (undated), Defendants have failed to inform the Court why these documents could not be filed in redacted form. Further, prior to sealing those four pages of materials, Defendants must demonstrate why the information contained therein, which appears to be at least 18 months old, is not so stale as to no longer be commercially useful or harmful. Accordingly the Court declines to seal the material at this time.

### III. CONCLUSION

Having considered the parties' motion and stipulation, along with the subject materials and the remainder of the record, and being fully advised, the Court hereby finds and ORDERS:

1. The parties' Joint Motion and Stipulation to File Documents Under Seal (Dkt. #33) is GRANTED IN PART AND DENIED IN PART as discussed above.

2. The Declaration of Wayne Stargardt (Dkt. #34) <u>shall remain under seal</u>. <u>No later than five (5) days from the date of this Order</u>, **Defendants** shall file a redacted

version of that Declaration on the public docket, **redacting only lines 3:12-14, 4:5-6, 4:12-17, 5:6-14, and 6:10-14**.

3. With respect to the materials contained at Dkt. #26, pages 78-89, nothing in this Order precludes Defendants from moving again to seal those materials; however, any such motion must address the Court's request for further information discussed above, along with the applicable legal standard.

DATED this 5 day of February, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 4