UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CEN COM INC., a Washington corporation d/b/a American Digital Monitoring, <br><br> Plaintiff, <br><br> v. <br><br> NUMEREX CORP., a Pennsylvania corporation; NEXTALARM, LLC, a Georgia limited liability corporation, and DOES 1-10, <br><br> Defendants. | CASE NO. C17-0560 RSM <br><br> ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER |

THIS MATTER comes before the Court on Defendants' Motion for Protective Order. Dkt. #39. For the reasons set forth below DENIES the motion and directs the parties to further meet and confer.

On February 8, 2018, Defendants moved for a protective order, asking the Court to relieve them from the obligation of running certain search terms against their electronically stored information ("ESI"). Dkt. #39. Specifically, Defendants represented to the Court that "Plaintiff Cen Com has refused to reasonably limit the search terms it wants Defendants to run . . . ." *Id.* at 1. Defendants then state:

> After these attempts at narrowing the dispute, and after some concession being made by Cen Com, there are still significant differences remaining. Numerex and NextAlarm ask that they be relieved of having to produce

ORDER
PAGE - 1

documents responsive **to the following search terms**, each of which, has returned more than 250 megabytes of data:

- "Customer account" and ("Cen Com" or NextAlarm or Numerex);
- "Customer account" and (cencom or nextalarm or numerex);
- American Digital Monitoring;
- Cats;
- "Cen Com" or CenCom;
- (Alex or Elliot) and NextAlarm;
- ADM;
- Amcest;
- Gay and ("Cen Com" or CenCom or Cats or Reed or Elliot);
- Hyun and ("Cen Com" or CenCom or Cats or Reed or Elliot);
- Numerex and data*;
- passcode* or password*;
- Stargardt and ("Cen Com" or CenCom or Cats or Reed or Eliot);
- trademark* and partners;
- Zionts and ("Cen Com" or CenCom or Cats or Reed or Eliot).

Dkt. # 39 at 3 (emphasis added). In support of that request, Defendant cites to the Declaration of counsel, in which counsel repeats that it seeks to be relieved from the obligation of searching for those terms, and then provides data about results of searches for those terms. Dkt. #40 at ¶ 3. Defendant's counsel further represents to the Court:

> Meet-and-Confer Certification: Counsel for the parties attended a telephonic meet-and-confer conference to discuss certain search terms that returned more than 250 megabytes of data on February 2, 2018, and on February 8, 2018. Cen Com was represented by Trent M. Latta. Numerex and NextAlarm were represented by me. The parties were able to resolve some differences. (For example, Cen Com agreed to add the term "Cen Com" to the otherwise overbroad terms "take and data" and eliminate the term "profit* and los*"). **Issues surrounding certain search terms, however, still remain. I asked Mr. Latta to revise the search terms now at issue, but he declined to do so. Mr. Latta took the position that for any compromise he made, Cen Com must be relieved of the same search terms**. I explained that this was not necessarily so, because our concern is that the search term when run against our ESI was returning more than 250 megabytes of data. I stated we would consider a similar concession if Cen Com could say whether more than 250 megabytes were being returned for those same search terms when run against Cen Com's ESI.

Dkt. #40 at ¶ 9 (emphasis added).

ORDER
PAGE - 2

In response to the instant motion, Plaintiff asserts that it had already agreed to eliminate the following search terms at the time the motion was made by Defendants:

- American Digital Monitoring
- "Customer account" and ("Cen Com" or NextAlarm or Numerex)
- "Customer account" and (cencom or nextalarm or numerex)
- "Customer name" and address
- NextAlarm and "Cen Com"
- Cats

Dkt. #46 at 4. In support of that assertion, Plaintiff provides an email from Defendant's counsel on February 7, 2018, which reads in relevant part:

> In the spirit of cooperation, however, Numerex and NextAlarm will agree to only seek a protective order at this time **with respect to the following search terms**:
>
> - "Cen Com" or CenCom
> - (Alex or Elliot) and NextAlarm;
> - ADM
> - Amcest
> - Gay and ("Cen Com" or CenCom or Cats or Reed or Elliot)
> - Hyun and ("Cen Com" or CenCom or Cats or Reed or Elliot)
> - Numerex and data*
> - Passcode* or Password*
> - Stargardt and ("Cen Com" or CenCom or Cats or Reed or Elliot)
> - Trademark* and partners
> - Zionts and ("Cen Com" or CenCom or Cats or Reed or Elliot)
>
> We appreciate your agreement to eliminate the terms "profit" and "los*" and to modify the term, "take and data," by adding the term, "Con Com," so that the stipulated term now reads "take and data and Cen Com." **Thank you for also releasing NextAlarm and Numerex from running the following search terms:**
>
> - American Digital Monitoring
> - "Customer account" and (("Cen Com" or NextAlarm or Numerex)
> - "Customer account" and (cencom or nextalarm or numerex)

ORDER
PAGE - 3

- "Customer name" and address
- NextAlarm and "Cen Com"
- Cats

Dkt. #46, Ex. A (emphasis added).

Defendants now claim that there was never any agreement to release Defendants from those search terms because in a telephone conversation on February 8, 2018, Plaintiff's counsel took the position that it would only release Defendants from those search terms if Defendants released Plaintiff from those search terms, and Defendants declined to do so. Dkt. #9 and 10.

On this record, the Court will not resolve the instant dispute. Defendants' assertions are directly contrary to what Plaintiff is now asserting to the Court. As far as the Court is concerned, Plaintiff has now affirmatively stated that it has released Defendants from the following terms without any *quid pro quo*:

- American Digital Monitoring
- "Customer account" and (("Cen Com" or NextAlarm or Numerex)
- "Customer account" and (cencom or nextalarm or numerex)
- "Customer name" and address
- NextAlarm and "Cen Com"
- Cats.

Accordingly, Plaintiff is now bound by that assertion.

As a result, the parties are directed to engage in an additional meet-and-confer regarding ESI search terms, to discuss what terms now remain at issue. Plaintiff shall be mindful of the representations it has made to the Court regarding its agreement. Defendants shall be cooperative in scheduling a good faith meet and confer and shall not make unilateral demands for dates and times, particularly when counsel is aware of other scheduling conflicts. As the Court has

ORDER
PAGE - 4

previously warned the parties, it will not tolerate gamesmanship and will not hesitate to sanction any party that attempts to utilize the Court for improper purposes such as the harassment of the opposing party.

Having reviewed Defendants' motion, along with the opposition thereto, reply in support thereof, and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion for Protective Order (Dkt. #39) is DENIED. The Court also declines to award any party fees and costs related to this motion.

Nothing in this Order precludes Defendants from renewing this motion if and when a good faith meet-and-confer has been accomplished.

DATED this 29th day of March 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE