UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CEN COM INC., a Washington corporation d/b/a American Digital Monitoring, | ) )  CASE NO. C17-0560 RSM ) ) ORDER ON PENDING MOTIONS |
| Plaintiff, | ) ) |
| v. | ) ) |
| NUMEREX CORP., a Pennsylvania corporation; NEXTALARM, LLC, a Georgia limited liability corporation, and DOES 1-10, | ) ) ) ) ) |
| Defendants. | ) ) |

## I. INTRODUCTION

This matter comes before the Court on Defendants' Motion to Compel (Dkt. #41) and Plaintiff's Motion for Sanctions and Order to Show Cause (Dkt. #59). Defendants' Second Motion to Compel (Dkt. #71) and Defendants' Motion to Dismiss (Dkt. #76) will be resolved by separate Orders. The Court has previously set forth the background to this matter and incorporates it by reference herein. *See* Dkt. #60 at 2-3. For the reasons set forth below, the Court resolves the motions as follows.

///

///

///

ORDER
PAGE - 1

## II.     DISCUSSION

### A. Defendants' Motion to Compel

*1. Electronic Search Terms*

Defendants have filed a motion to compel Plaintiff to run certain electronic search terms and to compel certain third parties to respond to subpoenas *duces tecum*. Dkt. #41. Specifically, Defendants ask the Court to compel Plaintiff to run search terms related to a 2012 consent decree that Plaintiff entered into with Washington State's Attorney General ("AG") to resolve a Consumer Protection Act claim that had been brought by the AG against Plaintiff, and to compel Ron Cats, Alex Elliot and Tom Reed to fully respond to subpoenas issued to them in their personal capacities. *Id.* Plaintiff objects to the search terms regarding the consent decree as irrelevant. Dkt. #51 at 6-7. Plaintiff objects to the subpoenas on the basis that they are burdensome and that they fail to comply with Federal Rule of Civil Procedure 45. Dkt. #51 at 8-12. For the following reasons, Defendants' motion will be GRANTED.

Under Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997).

ORDER
PAGE - 2

With respect to the search terms requested by Defendants – "attorney w/2 general" and "consent w/2 decree" – the Court agrees with Defendants that these terms are relevant to Defendants' counterclaim. Plaintiff relies on the former standard under Rule 26 to argue that these terms are not reasonably calculated to lead to the discovery of admissible evidence. Dkt. #51 at 6. However, that is no longer the standard. Plaintiff does not assert that the terms are privileged or burdensome, or that the requested discovery is not proportional to the needs of the case. Accordingly, Plaintiff will be compelled to run these electronic search terms.

*2. Subpoenas Duces Tecum*

The Court next turns to the subpoenas issued to Mr. Cats, Mr. Elliot and Mr. Reed. Mr. Elliot and Mr. Reed are former employees of Defendant NextAlarm, who are now employees of Plaintiff. Mr. Cats is the founder/owner of Plaintiff. Mr. Cats objected to his subpoena on the basis that it was an improper attempt to obtain discovery from a party employee. Dkt. #42, Ex. G. Mr. Cats further objected that the subpoena is overbroad, unduly burdensome, and that the costs outweigh the potential for acquiring relevant information. *Id.* Mr. Elliot and Mr. Reed made the same objections. Dkt. #42, Exs. H and I. These individuals also asserted that any responsive documents would be contained in Plaintiff's electronic systems, and therefore would be searched in response to discovery requests to Plaintiff. Dkts. #42, Exs. G, H and I.

Defendants now move to compel responses to the subpoenas, noting that they were issued to these individuals in their personal capacities, and therefore responsive documents could be contained on their personal computers, phones, etc., which would not be duplicative of the employer's documents. Dkt. #41 at 4-5. Defendants also note that these individuals have provided no specific information about the alleged burden and expense of complying with the subpoenas. *Id.* In response to the motion, Plaintiff argues that if these individuals are non-

ORDER
PAGE - 3

parties, then the subpoenas do not comply with Rule 45 because they request compliance at a location that is more than 100 miles from where they live and or work, and because they did not allow a reasonable time to comply. Dkt. #51 at 9. Plaintiff also argues that if, on the other hand, these individuals are parties, Defendants are required to follow Rule 34 in making these discovery requests. *Id.*

As an initial matter, the Court notes that the subpoenas were issued to these individuals in their personal capacities, as non-parties. Rule 45 governs the process of seeking discovery from a non-party by subpoena. Fed. R. Civ. P. 45. It allows a party to request a non-party to produce designated documents and ESI. Fed. R. Civ. P. 45(a)(1)(A). "[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules." Fed. R. Civ. P. 45, advisory committee notes (1970). Under Rule 34, the rule governing the production of documents between parties, the proper scope is that specified in Rule 26. Fed. R. Civ. P. 34(a).

Rule 26 limits the scope of discovery to any "nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Pursuant to Rule 26, the Court must limit the extent of discovery if it determines that the discovery sought is unreasonably duplicative, can be obtained from some other more convenient source, or if the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C).

In this case, the subpoenas at issue request documents and communications related to Numerex Corp, NextAlarm, LLC, Amcest, and American Digital Monitoring. The subpoenas comply with Rule 45. They do not ask the individuals to travel more than 100 miles from where they live or work; rather, Defendants have requested that the documents be provided

ORDER
PAGE - 4

electronically. Moreover, any objection to the 100-mile radius was waived, as it was never raised prior to the instant motion. In the ordinary case, failure to timely object waives the right to object later. *McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002) ("[A] nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objection, including attorney-client privilege, has been waived.

As for any objection based on relevance, these individuals fail to explain specifically why the documents are not relevant, or that a search of the documents would be unduly burdensome. Indeed, Plaintiff simply makes the blanket statement that the documents sought by Defendants "do not concern this matter and could not lead to relevant information." Dkt. #51 at 12. Accordingly, Mr. Cats, Mr. Elliot and Mr. Reed will be compelled to fully respond to the subpoenas.

*3. Attorney's Fees*

Federal Rule of Civil Procedure 37(a)(5)(A) requires the Court to grant the moving party's expenses in making the motion if the motion is granted. The Court finds no reason not to grant Defendants' request. Accordingly, the Court shall award Defendants their attorney's fees related to its motion to compel as set forth below.

**B. Plaintiff's Motion for Sanctions**

The Court now turns to Plaintiff's Motions for Sanctions and an Order to Show Cause. Dkt. #59. In that motion, Plaintiff initially sought sanctions for Defendant's withholding of certain documents on the basis that they had a pending motion for protective order. *Id.* Since the filing of the motion, the Court has denied a protective order and the documents were produced. However, Plaintiff continues to seek sanctions for the time period that it alleges Defendants were not in compliance with the stipulated ESI Order. *See* Dkt. #66. Having

ORDER
PAGE - 5

reviewed the motion, and the remainder of the record, the Court finds that sanctions are not appropriate at this time. *See* Fed. R. Civ. Proc. 37(d)(2) ("A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."). Accordingly, Plaintiff's motion will be denied.

### III. CONCLUSION

Having reviewed the parties' motions, along with the remainder of the record, the Court hereby finds and ORDERS:

1. Defendants' Motion to Compel (Dkt. #41) is GRANTED as discussed above.

    a. **No later than fourteen (14) days from the date of this Order,** Plaintiff shall run the following search terms against its electronically stored information: "attorney w/2 general*"; "consent w/2 decree".

    b. **No later than fourteen (14) days from the date of this Order**, Ronald Cats, H. Alexander Elliot, and Tom Reed shall fully comply with the subpoenas that Defendants served upon them, and shall produce all responsive documents in a format that is accessible/readable by Defendants.

    c. Defendants' request for attorney's fees and costs is GRANTED. Defendants shall file a Supplemental Motion for Attorney's Fees, supported with a Declaration of its fees associated with its Motion to Compel **no later than fourteen (14) days from the date of this Order.** That motion shall be noted for the second Friday after it is filed. Plaintiff may file a Response no later than the Monday before the noting date, addressing only the reasonableness of the fees requested. No Reply shall be filed.

2. Plaintiff's Motion for Sanctions and an Order to Show Cause (Dkt. #59) is DENIED.

DATED this 11th day of April 2018.

*[signature]*

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE