UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

CEN COM, INC., a Washington Corporation doing business as American Digital Monitoring,

Plaintiff,

v.

NUMEREX CORP., a Pennsylvania Corporation; NextAlarm, LLC, a Georgia Limited Liability Company; and DOES 1 – 10,

Defendants.

Case No. C17-0560 RSM

ORDER GRANTING IN PART AND DENYING IN PART SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES

## I. INTRODUCTION

This matter initially came before the Court on Defendants' motion to compel Plaintiff to run certain electronic search terms and to compel certain third parties to respond to subpoenas *duces tecum*, which included a request for attorneys' fees. Dkt. #41. On April 11, 2018, the Court granted Defendants' motion, granted Defendants' request for attorneys' fees, and directed Defendants to file a supplemental motion, appending the evidence necessary to support their request. Dkt. #81 at 2-6. Defendants have since filed that supplemental motion. Dkt. #94. Plaintiff opposes the motion, arguing that Defendants have requested an unreasonable amount of hours, and objecting to the requested hourly rates. Dkt. #101. Defendants now ask the Court for a total award of $8,787.50 in attorneys' fees. For

ORDER - 1

the reasons discussed below, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion.

## II. DISCUSSSION

### A. Legal Standard

"When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). The reasonable hourly rate is determined with reference to the prevailing rates charged by attorneys of comparable skill and experience in the relevant community. *See Blum v. Stetson*, 465 U.S. 886, 895 (1984). In determining the reasonable number of hours expended on the litigation, the Court may exclude any excessive, redundant, or otherwise unnecessary hours billed. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The Court may also adjust the lodestar with reference to factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975). The relevant Kerr factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; and (3) the skill requisite to perform the legal services properly. "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Intel*, 6 F.3d at 622.

### B. Reasonableness of Rates

The Court first examines the hourly rate for time billed by their counsel requested by Defendants. Defendants seek a billing rate of $460 per hour (2017) and $475 per hour (2018) for the work performed by attorney Mathew Harrington, and $275 per hour (2017) and $310

ORDER - 2

per hour (2018), both of whom work for the firm Stokes Lawrence, P.S. in Seattle, WA. Dkt. #95 at ¶¶ 3-4. Although a paralegal also performed services on the matter, Defendants do not seek to recover fees for her time. *Id.* at ¶ 2.

"The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting . . . the rates claimed." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007) (citing *Hensley,* 461 U.S. at 433). In the Ninth Circuit, "the determination of a reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing party.'" *Welch*, 480 F.3d at 946 (quoting *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000)). "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Id.* (internal quotation omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979* (9th Cir. 2008) (vacating award of attorneys' fees in Fair Debt Collection Practices Act case where district court failed to identify the relevant community or address the prevailing market rate).

In this case, Defendants have failed to present adequate evidence supporting the reasonableness of the rates requested in this market. *See* Dkt. #95 at ¶ 3. Indeed, Defendants

support their request with a single statement from attorney Harrington that he "believe[s] []his rate and the rate of Mr. Zuniga to be commensurate with rates of professionals with similar experience who represent clients in complex commercial lawsuits such as this one. Dkt. #95 at ¶ 3. While defense counsel might "believe" that the hourly rate is reasonable, Defendants provide no analysis of the rates charged for these types of cases in the Seattle market. Given the Court's familiarity with the market and the rates typically charged by experienced attorneys in these types of cases, and a review by this Court of similar actions in which attorney's fees were awarded, the Court finds that the average rates awarded are typically between $350.00 and $400.00 per hour. Accordingly, given the absence of proper evidence from Defendants to comparable attorney rates in the Seattle market, the Court finds that Defendants have failed to meet their burden to establish a reasonable hourly rate of more than $400.00 per hour for Mr. Harrington. Mr. Zuniga's rates appear to be commensurate for the market. The Court will therefore calculate the lodestar using the hourly rate of $400 per hour for Mr. Harrington's time, and the rates proposed for Mr. Zuniga's time.

C. **Reasonableness of Hours**

The Court now turns to the reasonableness of the hours requested. "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting" the request. *Hensley*, 461 U.S. at 433. As noted above, the Court excludes those hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Further, the Ninth Circuit has held it is reasonable for a district court to conclude that the party seeking attorney's fees fails to carry its burden of documenting the hours expended when that party engages in "block

ORDER - 4

billing" because block billing makes it more difficult to determine how much time was spent on particular activities. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Likewise, intra-office conferences between experienced counsel, absent persuasive justification by the moving party, may be excluded from an award as unnecessary and duplicative. *See id.* at 949.

Defendants have presented a summary description of the time spent related to the motion to compel. Dkt. #95 at ¶ 6. The Court notes that Defendants filed the initial motion to compel on February 8, 2018. Dkt. #41. However, Defendants request hours expended on litigation as far back as June 27, 2017. Dkt. #95 at ¶ 6. A review of that time reveals that those hours were required for actions that are typical in litigation of a matter, and not solely related to the motion to compel. *See id.* It is true that attorney conferences occurred prior to the filing of the motion regarding the issues raised in the motion. *See id.* However, discovery conferences are mandated by the Federal Rules of Civil Procedure and the Court's Local Rules as a matter of course. Accordingly, the Court will not compensate Defendants for the time entries between 6/27/17 and 1/17/2018.

The Court has reviewed Defendants' attorneys' summary of time for the remaining hours requested. Dkt. #95 at ¶ 6. The Court will not award fees for the time Defendants' counsel spent discussing the case between each other or with their own clients (as that type of activity is analogous to an intra-office conference). Further, defense counsel has provided the court with "block" time entries, which has left the Court unable to attribute specific time spent on a particular activity on several dates. Dkt. #95 at ¶ 6; *Welch*, 480 F.3d at 948. Accordingly, the Court will deduct from its award of attorney's fees the following:

ORDER - 5

| | | | |
|---|---|---|---|
| 2/2/18 | JAZ | 1.3 x $310 = $403.00 | (block billing) |
| 2/5/18 | MLH | 1.0 x $400 = $400 | (block billing, intra-office conference) |
| 2/8/18 | JAZ | 1.5 x $310 = $465 | (block billing, intra-office conference) |
| 2/22/18 | JAZ | 0.5 x $310 = $155 | (block billing, intra-office conference) |

In light of the rate reduction already imposed, and the time reductions noted above, the Court finds that the remaining hours requested by Defendants' counsel are reasonable, and will award the fees associated with those hours, again noting that there is no award of time spent on the matter prior to 2/2/2018, and that the hourly rate for Mr. Harrington has been reduced to $400 per hour.

Accordingly, the total amount of attorney's fees awarded is:

MLH   4.4hrs x $400 = $1760.00

JAZ    8.2hrs x $310 = $2542.00

**TOTAL = $4,302.00**

### D. Lodestar Adjustment

The Court finds that the time set forth above, less the reductions noted by the Court, reflects the reasonable time spent working on the motion to compel and does not find it necessary to make any lodestar adjustments.

### E. Costs

Defendants have not sought an award of any costs on this motion.

### III.   CONCLUSION

Having considered Defendants' Supplemental Motion for Fees and Costs, the opposition thereto, the Declarations and Exhibits in support thereof, and the remainder of the

ORDER - 6

record, the Court hereby finds and ORDERS that Defendants' motion (Dkt. #94) is GRANTED IN PART AND DENIED IN PART. Defendants are awarded **attorneys' fees in the amount of $4,302.00.**

DATED this 4th day of May 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 7