UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CEN COM INC., a Washington corporation d/b/a American Digital Monitoring, <br><br> Plaintiff, <br><br> v. <br><br> NUMEREX CORP., a Pennsylvania corporation; NEXTALARM, LLC, a Georgia limited liability corporation, and DOES 1-10, <br><br> Defendants. | CASE NO. C17-0560 RSM <br><br> ORDER GRANTING IN PART MOTION TO DISMISS |

## I. INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint. Dkt. #76. Defendants argue that Plaintiff's claims for breach of contract, negligence, fraud, misrepresentation, conversion, unjust enrichment, aiding and abetting, vicarious liability, civil conspiracy, and violations of Washington's Consumer Protection Act ("CPA"), must be dismissed because they are displaced by Washington's Uniform Trade Secrets Act ("UTSA"). *Id.* Plaintiff opposes the motion, asserting that its claims are not displaced by the UTSA because it no longer asserts a trade secret misappropriation claim, and because its claims are factually independent and well-pled in any event. Dkt. #91. For the reasons set forth below, the Court GRANTS IN PART Defendants' Motion to Dismiss.

ORDER
PAGE - 1

## II. BACKGROUND

This breach of contract/trade secret matter was removed to this Court on April 11, 2017. Dkt. #1. According to the initial Complaint, Defendant NextAlarm, LLC ("NextAlarm") and Plaintiff Cen Com, Inc. ("Cen Com") are businesses in the alarm-monitoring industry. Dkt. #1-2 at ¶ ¶ 1.1 and 1.2. The parties worked together for several years. *Id.* at ¶ 4.4. That business relationship allowed Cen Com to monitor NextAlarm accounts and respond to signals from those accounts to summon the appropriate first responders. *Id.* Cen Com contends that while providing those services, its employees learned that NextAlarm lacked crucial and commercially valuable information/data regarding NextAlarm customers. *See* ¶ ¶ 4.6-4.7. Cen Com allegedly acquired that missing information/data while providing services for NextAlarm. *Id.* When NextAlarm notified Cen Com that Cen Com's services would no longer be needed, Cen Com offered to sell that data to NextAlarm, but a sale never materialized. Instead, the parties entered into a deal whereby Cen Com agreed to act solely as an intermediary by forwarding NextAlarm signals to a new vendor whose live operators would dispatch emergency services or contact customers as needed. *Id.* at ¶ 4.8 and Ex. A thereto. The agreement required NextAlarm to use reasonable efforts to ensure that the new vendor did not use Cen Com's data for improper purposes. *Id.* and ¶ 4.10.

On March 7, 2018, this Court granted Defendants' Motion for Judgment on the pleadings. Dkt. #60. The Court determined that Plaintiff's Claims 1-9 and 11 were displaced by the UTSA. *Id.* The Court left Plaintiff's claim for Vicarious Liability, recognizing that was a general theory of liability rather than a separate claim. Thus, the only remaining claim for litigation was one for trade secret misappropriation. *Id.* The Court then granted Plaintiff leave to amend.

ORDER
PAGE - 2

On March 27, 2018, Plaintiff filed its Amended Complaint. Dkt. #73. Plaintiff continues to allege that:

> defendant Numerex Corp., and its subsidiary NextAlarm, LLC, knowingly and willfully, in violation of its legal and contractual duties, independently, and together with a non-party, Amcest Corporation, improperly accessed, took, used, and gained the benefit of confidential, proprietary, and valuable data from and owned by the plaintiff Cen Com, Inc., including but not limited to Cen Com's trade secret information, subscriber data, and other valuable, proprietary data.

Dkt. #73 at ¶¶ 1.1 and 4.1. Based on these allegations, *inter alia*, Plaintiff now asserts ten claims against Defendants, including claims for breach of contract, negligence, fraud/misrepresentation, negligent misrepresentation, conversion, violation of Washington's CPA, unjust enrichment, aiding and abetting, civil conspiracy and vicarious liability. *Id.* at ¶¶ 5.1-14.2. It no longer asserts a claim for trade secret misappropriation under the UTSA.

### III.   DISCUSSION

**A. Legal Standard for Motions to Dismiss**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Absent facial plausibility, Plaintiffs' claims must be dismissed. *Twombly*, 550 U.S. at 570.

Though the Court limits its Rule 12(b)(6) review to allegations of material fact set forth in the Complaint, the Court may consider documents of which it has taken judicial notice. *See* FRE 201; *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Here, the Court has taken judicial notice of a contract between the parties, which was attached to, and incorporated by reference in, the Amended Complaint. Dkt. #73, Ex. A; FRE 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

**B. Claims at Issue**

Defendants now move for the dismissal of all causes of action in this matter on the basis that Washington's trade secret laws displace those theories of liability. Dkt. #76 at 4-5. Washington's UTSA prohibits misappropriation of trade secrets. RCW 19.108, *et seq.*; *Thola v. Henschell*, 140 Wn. App. 70, 76, 164 P.3d 524, 528 (2007). Before the legislature enacted the UTSA, the common law prohibited similar acts. *See*, *e.g.*, *J.L. Cooper & Co. v. Anchor Secs. Co.*, 9 Wn.2d 45, 64, 113 P.2d 845 (1941) (allowing equitable action against a former employee who used a confidential customer list in his new business venture). But the UTSA is not a catch-all for industrial torts. *Electro-Craft Corp. v. Controlled Motion, Inc.*, 332 N.W.2d 890, 897 (Minn. 1983). The UTSA "displaces conflicting tort, restitutionary, and other law of this state pertaining to civil liability for misappropriation of a trade secret." RCW 19.108.900(1). However, it does not affect "[c]ontractual or other civil liability or relief that is not based upon misappropriation of a trade secret." RCW 19.108.900(2)(a).

In this case, Plaintiff argues that its claims should not be dismissed because it has not alleged a claim under the UTSA, and therefore its claims cannot be displaced. Dkt. #91 at 5-9. However, the Court agrees with Defendants that it is the statutory provision that legally displaces

ORDER
PAGE - 4

these common law claims, not the inclusion of a UTSA claim in the Complaint. *See* Dkts. #91 at 5-9 and #98 at 1-3. Indeed, the very language of the statute makes that clear:

> (1) **This chapter displaces** conflicting tort, restitutionary, and other law of this state pertaining to civil liability for misappropriation of a trade secret.
>
> (2) **This chapter** does not affect:
>
> (a) Contractual or other civil liability or relief that is not based upon misappropriation of a trade secret . . . .

RCW 19.108.900 (emphasis added). Thus, this Court must once again determine whether the claims asserted in the Amended Complaint are based upon misappropriation of a trade secret. If they are, they will be displaced by the UTSA regardless of the fact that Plaintiff has dropped its UTSA claim.

In Claim One, Plaintiff asserts a claim for breach of contract. Dkt. #1-2 at ¶ ¶ 5.1-5.5. Plaintiff alleges that Defendants breached the contract by failing to pay a number of fees and to timely make payments, by taking and using data for purposes other than those set forth in the contract, and by failing to protect certain information. *Id.* at ¶ ¶ 5.3 – 5.3.5. The alleged breach described in ¶ 5.3.5, alleging a breach for taking and using data for purposes other than those set forth in the contract, and for failing to protect certain information, relates to trade secret misappropriation and that part of the claim is therefore displaced. Thus, the claim will be dismissed to that extent.

With respect to the alleged failure to make contractual payments, the Court disagrees with Defendants that such allegations are untimely. *See* Dkt. #76 at 12-13. In its initial Complaint, Plaintiff alleged "that the conduct described in this Complaint constitutes a breach of contract" by Defendants. Dkt. #1-2 at ¶ 5.3. Plaintiff included the allegation that: "[u]nder the terms of Cen Com's July 29, 2016 Wholesale Alarm Delivery Agreement, NextAlarm and Numerex owe

ORDER
PAGE - 5

Cen Com outstanding amounts for services rendered." Dkt. #1-2 at ¶ 4.23. This meets the notice pleading requirements of Federal Rule of Civil Procedure 8. Indeed, "[n]otice pleading requires the plaintiff to set forth in his complaint *claims for relief*, not causes of action, statutes or legal theories." *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008) (emphasis in original). Thus, a complaint need only put a defendant on notice of the claims the defendant will face. The Complaint does not limit the facts or legal theories a plaintiff can later rely on to prove those claims. *Thomas v. Flagstar Bank, N.A.*, 2018 U.S. Dist. LEXIS 49644, *6 (W.D. Wash. Mar. 26, 2018). Plaintiff's additional allegations in Claim One clarify the basis for the claim. For those reasons, the claim will not be dismissed to the extent that it is based on the alleged failure to pay certain fees and to timely make payments.

With respect to Claims Two through Seven, for the reasons set forth in Defendants' motion, the Court agrees that these claims continue to center on the alleged theft/data mining of proprietary information, and Plaintiff's belief that Defendant may still be actively data mining and intentionally stealing Plaintiff's information, which formed the same bases of the claims as initially pled. *Id.* at ¶ ¶ 6.1-11.4. Nearly every factual allegation is based on the alleged theft and/or misuse of Plaintiff's confidential or proprietary information. Dkt. #73 at ¶ ¶ 4.1, 4.5-4.7, 4.10, 4.14-4.15, 5.1, 5.3.5, 6.1, 6.3, 7.1-7.3, 8.1-8.3, 9.1-9.3, 10.1-10.2, 11.1-11.3, 12.1-12.2, 13.1-13.5, and 14.1-14.2. Moreover, the fact that Plaintiff has dropped its UTSA claim in order to assert its (incorrect) argument that it can now proceed with its other claims, implies that Plaintiff is aware these claims are based on trade secret misappropriation. See Dkt. #91 at 5-9. Thus, as with a portion of the breach of contract claim, Claims Two through Seven are also displaced by the UTSA. Accordingly, those claims will also be dismissed.

With respect to Claim Eight for aiding and abetting, and Claim Nine for civil conspiracy, those claims rely directly on the now dismissed claims. *See* Dkt. #73 at ¶¶ 12.1-13.6. Therefore, those claims must be dismissed as well.

Finally, with respect to Plaintiff's Tenth Claim for vicarious liability, *id.* at ¶¶ 14.1-14.2, as this Court has previously stated, Washington courts recognize that vicarious liability is a general theory of civil liability that is not based on trade secret misappropriation and, therefore, the UTSA does not preempt it. However, the only claim now remaining is one for breach of contract based on the failure to make certain payments asserted directly against the Defendants. Thus, there is no claim remaining for which vicarious liability could be asserted. Thus, the Court will dismiss Claim Ten.

**C. Leave to Amend**

Ordinarily, leave to amend a complaint should be freely given following an order of dismissal, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile." (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)). However, the Court declines to grant such leave in this case. First, the Court concludes that granting leave to amend the dismissed claims would be futile given that Plaintiff has failed to cure the deficiencies stated in the Court's prior Order granting leave to amend, and given that the majority of its claims are displaced by Washington Statute as discussed above.

Moreover, with respect to any trade misappropriation claim Plaintiff may have had, Plaintiff has abandoned that claim by failing to reassert it in the Amended Complaint. As noted

ORDER
PAGE - 7

above, Plaintiff's initial Complaint alleged twelve causes of action, including a claim for trade secret misappropriation. The only causes of action remaining after the Court entered its Order granting Defendants' judgment on the pleadings were that claim for misappropriation of trade secrets and a claim for vicarious liability. Dkt. #60. That Order set forth the Court's complete legal reasoning behind its rulings and provided Plaintiff leave to amend. *Id.* Plaintiff elected not to reassert its claim for misappropriation of trade secrets in its Amended Complaint. As a result, Plaintiff abandoned that cause of action. *First Resort, Inc. v. Herrera*, 860 F.3d 1263, 1274 (9th Cir. 2017) ("In its FAC, [plaintiff] did not replead the claim, effectively abandoning it."); *Chubb Custom Ins. Co. v. Space Systems/Loral, Inc.*, 710 F.3d 946, 973 n.14 (9th Cir. 2013) ("Chubb originally brought a claim for equitable indemnity, which the district court dismissed with *leave to amend*. Because Chubb did not voluntarily renew these claims, however, it effectively abandoned them.") (emphasis in original). Plaintiff did not address this issue in response to the instant motion. *See* Dkt. #91. Thus, the Court holds Plaintiff to the strategic decision Plaintiff made not to reassert the trade secret misappropriation claim, and will not allow further amendment.

## IV.    CONCLUSION

Having reviewed Defendants' Motion to Dismiss, the opposition thereto and reply in support thereof, along with the remainder of the record, the Court hereby finds and ORDERS:

1. Defendants' Motion to Dismiss (Dkt. #76) is GRANTED IN PART as discussed above. All of Plaintiff's claims are DISMISSED with prejudice, with the exception of the portion of Claim One for breach of contract on the basis that Defendants failed to pay certain fees and/or make timely payments as required by the contract.

2. Defendant's pending Second Motion to Compel (Dkt. #71) is STRICKEN AS MOOT. Nothing in this Order precludes any discovery motion solely as it relates to the only remaining breach of contract claim on the basis that Defendants failed to pay certain fees and/or make timely payments as required by the contract.

3. Plaintiff's pending Motion to Compel and for Relief from Deadline (Dkt. #82), Plaintiff's pending Motion to Compel Third-Party Production (Dkts. #104 and #105) and Plaintiff's pending Motion for Terminating Sanctions (Dkt. #108) are STRICKEN AS MOOT. Nothing in this Order precludes any discovery motion solely as it relates to the only remaining breach of contract claim on the basis that Defendants failed to pay certain fees and/or make timely payments as required by the contract.

DATED this 17th day of May 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE