1

2

3

4

5                    UNITED STATES DISTRICT COURT
6                   WESTERN DISTRICT OF WASHINGTON

7
CEN COM, INC., a Washington Corporation
8  doing business as American Digital
   Monitoring,                                    Case No. C17-0560RSM
9
                        Plaintiff,                ORDER TO SHOW CAUSE
10
   v.
11
   NUMEREX CORP., a Pennsylvania
12 Corporation; NextAlarm, LLC, a Georgia
   Limited Liability Company; and DOES 1 –
13 10,

14                      Defendants.

15

16         Plaintiff has filed several motions, briefs and Declarations under seal, in violation of

17 the parties' Stipulated Protective Order and this Court's Local Rules. Dkts. #104, #107, #110,

18 #112, #115, #117, #119, #122, #125, #126, #140 and #141.[1]  In filing those documents under

19 seal, Plaintiff simply references the parties' Stipulated Protective Order.  *Id.* and Dkt. #19.

20 However, that Order explicitly provides:

21         5.4  <u>Filing Confidential Material</u>.  Before filing confidential material or
            discussing or referencing such material in court filings, the filing party
22          shall confer with the designating party to determine whether the
            designating party will remove the confidential designation, whether the
23

24 ─────────────────────

25 [1] Docket #117 has since been stricken from the docket for Plaintiff's violation of Civil Rule
   7(e)(3), which bars the contemporaneous filing of dispositive motions without leave of the
26 Court. Dkt. #145. Docket #104 was previously stricken as moot. Dkt. #111.

   ORDER - 1

> document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

Dkt. #19 at ¶ 5.4. The Protective Order does not provide that a party may file sealed documents on its own accord. Instead, it requires the parties to meet and confer and to propose a stipulated order to seal or follow the procedures set forth in Local Civil Rule 5(g), or if the party seeks to protect its own confidential material, that party must follow the procedures set forth in Local Civil Rule 5(g). Plaintiff wholly fails to comply with any of those requirements.

Accordingly, Plaintiff SHALL SHOW CAUSE why these motions should not be unsealed. In addition, Plaintiff SHALL SHOW CAUSE why sanctions should not be imposed for its failure to follow the Stipulated Protective Order and the Court's Local Rules. This is not the first time that Plaintiff has violated a Protective Order or the Court's Local Rules.[2] *See* Dkts. #60 at 8 and #145.

Plaintiff's response to this Order shall be no longer than five (5) pages. Defendant may also submit a response as to sealing no longer than five (5) pages; however, Defendant shall submit no response with respect to sanctions.

DATED this 18 day of June, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] In fact, this Court previously imposed sanctions for the violation of the Protective Order, and struck a dispositive motion for Plaintiff's failure to follow the Court's Local Rules. Dkt. #80 and #145.

ORDER - 2