UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CEN COM INC., a Washington corporation d/b/a American Digital Monitoring, | )<br>)<br>) CASE NO. C17-0560RSM<br>)<br>) ORDER DENYING PLAINTIFF'S<br>) MOTION TO COMPEL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiff, | |
| v. | |
| NUMEREX CORP., a Pennsylvania corporation; NEXTALARM, LLC, a Georgia limited liability corporation, and DOES 1-10, | |
| Defendants. | |

THIS MATTER comes before the Court on Plaintiff's Motion to Compel the Production of Documents.[1] Dkt. #127. Defendant opposes the motion. Dkt. #131. For the reasons set forth below, the Court DENIES the motion.

Plaintiff asks the Court to issue an Order compelling Defendants to produce electronically-stored information containing the search term "ADM." Dkt. #127 at 1. Defendants respond that the search term is presumptively overbroad, given than the term has returned approximately one gigabyte of date, excluding Microsoft PowerPoint files, Microsoft

---

[1] The discovery motions deadline in this matter was March 23, 2018. Dkt. #20. However, the Court's Order granting in part Defendants' motion to dismiss allowed Plaintiff to refile the instant motion as it pertained to the remaining claim and counterclaims. Dkt. #111. Thus, the Court now considers this motion.

ORDER
PAGE - 1

Excel files, image or audio files, or similarly large file types, and there is no good cause shown for an order compelling the production of that information. Dkts. #131 at 3 and #132 at ¶ 2.

The parties have stipulated to an Agreement Regarding the Discovery of Electronically Stored Information ("ESI") in this matter, which this Court has entered. Dkt. #18. That Agreement sets forth a search methodology that directs the parties to attempt to reach agreement on search terms and cooperate in revising the appropriateness of a given search term as discovery proceeds. Dkt. #18 at ¶ 2a.-d. The Agreement also explicitly states that "broad terms or queries, such as product **and company names**, **generally should be avoided**." *Id.* at 2.c. (emphasis added). Further, "[a]bsent a showing of good cause, each search term or query returning more than 250 megabytes of data are presumed to be overbroad, excluding Microsoft PowerPoint files, image and audio files, and similarly large file types." *Id.*

Defendants have informed Plaintiff that the search term "ADM" has returned nearly one gigabyte of information. Dkt. #127 at 3. However, Plaintiff asserts that there is good cause to compel the disclosure of that information because (1) the 2016 Alarm Delivery contract under which Defendants' are obligated to pay fees for services rendered refers to the plaintiff as "ADM"; (2) the 2015 contract ADM asserts grants it the right to use Defendants' trademark refers to the plaintiff as "ADM"; and (3) Defendants' employees testified they used the term "ADM" in correspondence related to the issues presented in this matter. *Id.*

For the reasons set forth by Defendant in its opposition, the Court disagrees with Plaintiff that good cause has been shown. *See* Dkt. #131. Federal Rule of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and **proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

ORDER
PAGE - 2

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1) (emphasis added). While neither party disputes that the term "ADM" is relevant, Defendant demonstrates that the information sought is not proportional to the needs of the case. If the Court required Defendants to produce nearly one gigabyte of information, Defendants would be forced to expend extensive resources to review 5,591 individual documents for privilege and other potential discovery objections, after discovery has closed and pre-trial preparation approaches. Further, Plaintiff does not adequately explain why the "ADM" search term cannot be modified or narrowed through additional words, date restrictions, custodian restrictions or other boolean operators.

Accordingly, having reviewed Plaintiff's motion, along with the opposition thereto, reply in support thereof, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion to Compel (Dkt. #127) is DENIED. The Court also declines to award any party fees and costs related to this motion.

Nothing in this Order precludes the parties from attempting to reach an agreement on narrowed search terms related to "ADM."

DATED this 18 day of June, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE