UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CEN COM, INC., a Washington Corporation doing business as American Digital Monitoring,

Plaintiff,

v.

NUMEREX CORP., a Pennsylvania Corporation; NextAlarm, LLC, a Georgia Limited Liability Company; and DOES 1 – 10,

Defendants.

Case No. C17-0560RSM

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL THIRD PARTY DISCOVERY

THIS MATTER comes before the Court on Plaintiff's Motion to Compel Third Party Production Under FRCP 45 Subpoena. Dkt. #125 (filed under seal). Plaintiff seeks an Order compelling third-party Amcest to fully respond to the subpoena issued to it by Plaintiff. *Id.* Amcest has not responded to this motion nor has it filed any motion to quash. Defendants object to the motion as untimely and as filed in the improper venue. Dkt. #133. For the reasons discussed herein, the Court DENIES Plaintiff's motion.

As an initial matter, the Court notes that Defendants lack standing to challenge the subpoena issued by Plaintiff as they do not claim any personal right or privilege with respect to the documents sought. *See* Dkt. #133; *see also* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §2459 (2d ed. 2007); *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590-91 (D. Kan. 2003) (finding that the defendant has a "personal right with respect to its bank account records at the subpoenaed banks, and this right gives it standing to move to quash the subpoenas"); *Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299

ORDER - 1

F.R.D. 638, 643 (E.D. Cal. 2014); *Chevron Corp. v. Donziger*, 2013 U.S. Dist. LEXIS 119622, 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013) ("Conversely, '[a] party does not have standing to quash a subpoena on the basis that the non-party recipient of the subpoena would be subjected to an undue burden when the non-party has failed to object.'" (alteration in original)). Thus, this Court will disregard Defendants' opposition.

However, the Court denies Plaintiff's motion for its own reasons. First, the subpoena at issue fails to identify the Court from which it has issued as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 45(a)(1)(A)(i). The subpoena issued by Plaintiff is blank where the Court name should have been inserted. Dkt. #126 (filed under seal), Ex. C. Second, the instant motion has not been made in the appropriate venue. Federal Rule of Civil Procedure 45 provides that "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). The subpoena commands production of documents at a law office in Philadelphia, PA. Dkt. #126 (filed under seal), Ex. C. Plaintiff asserts that it commanded electronic production at its counsel's office in Washington State, but points to no portion of the record that supports that assertion. *See* Dkt. #136 at 2-3. Philadelphia is located in the Eastern District of Pennsylvania. Therefore, this motion was required to be brought in the federal court in that District. For those reasons, Plaintiff's Motion to Compel the production of records from Amcest (Dkt. #125) is DENIED.

DATED this 18 day of June, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE